**No. 50097.**—Protest 66165–K of Kanebo, Inc. (New York).

Opinion by OLIVER, P. J. At the trial the only evidence introduced was a report of a chemist of the United States Customs Laboratory reading, "The sample consists wholly of casein fibres." Plaintiff argued that since the fibers in question consist wholly of casein, they cannot be compounds of casein, and it would be necessary to have some other ingredient compounded with casein in order to come under the provision of paragraph 33, citing *United States* v. *Olivier Straw Goods Corp.* (19 C. C. P. A. 71, T. D. 44898); *Brin & Wachenheim* v. *DuPont Cellophane Co.* (17 id. 122, T. D. 43454); and *Monticelli Bros.* v. *United States* (8 Ct. Cust. Appls. 21, T. D. 37162). Upon the record the court was unable to determine whether or not the principle of the cited cases had any application to the case at bar. It was held that the chemist's report is insufficient to establish plaintiff's claim, and there was nothing in the record to show how the merchandise

was produced or manufactured. Therefore, it was held that the plaintiff failed to sustain the burden of proof resting upon it to overcome the presumption of correctness attaching to the collector's classification. The protest was overrruled.